# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRUCE BEHENSKY,**
**D.O.C. #U15007,**

    **Plaintiff,**

vs.                                                      Case No. 4:23cv65-WS-MAF

**RICKY D. DIXON, SECRETARY,**
**FLORIDA DEPARTMENT OF**
**CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate in the Florida Department of Corrections who proceeds pro se in this civil rights action. Plaintiff's complaint, ECF No. 1, was brought under 42 U.S.C. § 1983 and filed on February 8, 2023. *Id.* Plaintiff alleges that he is "a practicing Orthodox Jewish religious adherent," and seeks to grow a six-inch beard in a manner "consistent with his sincere religious beliefs." *Id.* at 5. He says the Defendant's policies prohibit "donning a religiously premised beard beyond a half-inch." *Id.* at 8.

Service of the complaint was directed, ECF No. 6, and Defendant Dixon filed a motion to dismiss Plaintiff's complaint. ECF No. 13. In short, the Secretary argues that although "Plaintiff exhausted the internal grievance process, [he] did not fully exhaust his administrative remedies because he did not submit a Petition to Initiate Rulemaking ("PIRM") prior to filing suit." ECF No. 13 at 2. Secretary Dixon acknowledges that the "PIRM process is a statutorily-created process which is different, separate, and distinct from the normal grievance process created by" the Department of Corrections. *Id.* at 8. However, because the process is available to inmates in Florida, the Secretary argues that Plaintiff was required to pursue that remedy prior to filing this case. *Id.* at 19.

Further, the Secretary contends that the "Inmate Handbook was updated on December 1, 2022," and now includes a specific direction concerning exhaustion which states: "If you wish to request that the Department adopt, amend, or repeal a rule, you must also file a Petition to Initiate Rulemaking." *Id.* at 22; *see also* ECF No. 13-2 at 11. Attached to the motion to dismiss is a declaration from Lauren Sanchez which advises that Plaintiff had not filed any Petitions to Initiate Rulemaking. ECF No. 13-1 at 2.

Plaintiff responded to the motion to dismiss by pointing out that he exhausted the Department's "3-tier administrative remedial exhaustion" requirements. ECF No. 15 at 2. Plaintiff also advises that Defendant did not attach his grievances to the motion to dismiss, but had Defendant done so, it would have revealed that the third step of the grievance process, prison officials failed to timely respond to his grievance appeal. *Id.* In addition, Plaintiff states that neither his grievances "nor his complaint seek to: (i) adopt; (ii) amend; or (iii) repeal Defendant's aforesaid policy." *Id.* at 3. Thus, Plaintiff asserts that the "PIRM is inapplicable to Plaintiff's action." *Id.*

**Analysis**[1]

In enacting the Prison Litigation Reform Act (PLRA), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). That exhaustion requirement is mandatory, <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1324-26

---

[1] Plaintiff's response in opposition to the Defendant's motion to dismiss quotes verbatim from a prior Report and Recommendation of the undersigned in separate litigation. Plaintiff did not acknowledge that he was quoting the Court. ECF No. 15 at 4.

Case No. 4:23cv65-WS-MAF

(11th Cir. 1998), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Yet an inmate is only required to exhaust administrative remedies that are "available." Ross v. Blake, 136 S. Ct. 1850, 1855, 195 L. Ed. 2d 117 (2016) (underscoring the PLRA's "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'").

"Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). Yet a prisoner is only required to comply with the process set forth and established by the grievance procedures. Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, a prisoner exhaust must exhaust a claim under § 1997e(a), and he must do so properly. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

Recently, the Eleventh Circuit issued an opinion rejecting the Defendant's argument that an inmate must file a PIRM. Sims v. Sec'y, Fla. Dep't of Corr., 75 F.4th 1224, 1230 (11th Cir. 2023). That court explained that an inmate must comply with the requirements which "are defined by the prison grievance process itself, not by the PLRA." Sims, 75 F.4th at 1230 (quoting Jones, 549 U.S. at 218). Thus, the prison grievance system sets the "boundaries of proper exhaustion." 75 F.4th at 1230 (citing to Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015), and Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).

The Court noted that "Florida's 'Inmate Grievance Procedure' (contained in Chapter 33-103 of the Florida Administrative Code) sets out steps for 'the administrative settlement' of prisoner complaints." 75 F.4th at 1230 (quoting Fla. Admin. Code R. 33-103.001(1)). Pursuant to that Rule, a prisoner must file an informal grievance, a formal grievance, and then an appeal to the Secretary. Id. at 1230. That three-step process is the only requirement described for exhaustion. Id. "What the procedures do not mention is a Petition to Initiate Rulemaking. Nor do they reference the Florida Administrative Procedure Act, where the Petition to Initiate Rulemaking process is found." Id. The court concluded that:

> [N]othing in Chapter 33-103 suggests that an inmate must take any steps other than the ones outlined above. Quite the opposite: Chapter 33-103 states that if a prison fails to timely respond to a prisoner's informal grievance, formal grievance, and appeal, the prisoner is "entitled to proceed with judicial remedies as he would have exhausted his administrative remedies."

Sims, 75 F.4th at 1230 (quoting Fla. Admin. Code R. 33-103.011(4)).

The Eleventh Circuit noted that the Department's "Inmate Orientation Handbook" told "the same story." 75 F.4th at 1230. The Handbook stated "that Chapter 33-103 contain[ed] the procedures for filing a grievance and resolving a complaint." Id. at 1231. "Nothing in the handbook suggest[ed] that a prisoner must do anything beyond the three steps in Chapter 33-103 to exhaust administrative remedies." Id. Thus, the court held that a prisoner was not required to file a Petition to Initiate Rulemaking to exhaust administrative remedies. Id.

Notably, the Secretary has now advised that the Inmate Handbook has now been updated. While the Handbook is used to alert new inmates to the rules, procedures, and requirements of the Florida Department of Corrections, there has been no demonstration that the updated Handbook was provided to inmates who have already been in custody. Specifically, the Secretary has not shown that Plaintiff was informed of this change.

Case No. 4:23cv65-WS-MAF

That is relevant because an inmate is required to exhaust "available" remedies.  An unknown rule change which is not communicated to the prison population is one that is "so opaque that it becomes, practically speaking, incapable of use."  Ross, 578 U.S. at 644, 136 S. Ct. at 1859.  The Supreme Court quoted from Judge Carnes of the Eleventh Circuit, agreeing that when an administrative remedy is "'unknowable'—so that no ordinary prisoner can make sense of what it demands—then it is also unavailable."  Ross, 578 U.S. at 644, 136 S. Ct. at 1859 (quoting Goebert v. Lee Cnty., 510 F.3d 1312, 1323 (11th Cir. 2007); Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008)).

More importantly, although the Secretary has advised that the Handbook was updated, the Secretary has not shown that the Department's Rules have been updated.  Chapter 33-103 provides the Rules which govern the Department's grievance process, and the Inmate Handbook cannot require more than is stated in Rule 33-103.  Indeed, the Handbook would now appear to conflict with Rule 33-103 making it a confusing process.

Finally, the Secretary states that the Handbook was updated on December 1, 2022.  ECF No. 13 at 22.  Plaintiff's complaint alleged that he

sought permission to grow and maintain a six-inch beard on November 8, 2022.  ECF No. 1 at 5.  Plaintiff appears to have filed his formal grievance on November 23, 2023.  *Id.* at 11.  That request was denied and Plaintiff submitted a grievance appeal on December 14, 2022, which he identified as the "required step - 3 of" Florida Department of Corrections' grievance process.  *Id.* at 9.  Plaintiff alleged that he did not receive a written response to his appeal.  *Id.* at 10-11.  Thus, even accepting that the Handbook was updated on December 1st, Plaintiff had already begun his grievance efforts and was two-thirds complete.  It would be unfair to change or alter the process after it was initiated.  When the Department failed to respond to his appeal, Plaintiff was entitled to file his complaint in this Court.

Because the recent Sims decision rejected Defendant's argument, and because there has been no showing that the Florida Administrative Code has been revised and made effective concerning the grievance process, the motion to dismiss filed by Secretary Dixon should be denied.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 13, be **DENIED**, that Defendant

required to file an answer to Plaintiff's complaint, ECF No. 1, within 14 days of the date an Order is entered adopting this Report and Recommendation, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**